UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
FRANCISCO GONZALEZ,                     :
                                        :
          Plaintiff,                    :    Civ. No. 12-3711 (NLH)
                                        :
     v.                                 :    OPINION
                                        :
DONNA ZICKEFOOSE, et al.,               :
                                        :
          Defendants.                   :
_____:

APPEARANCES:

Francisco Gonzalez, #49351-004
D. Ray James Correctional Facility
G-1 015L
Highway 252 East
Folkston, GA 31537
     Plaintiff pro se

David Bober
Assistant United States Attorney
402 E. State Street, Room 430
Trenton, NJ 08608
     Counsel for Defendants

HILLMAN, District Judge

     This matter is presently before the Court upon receipt of
Plaintiff's request (ECF No. 66) for an extension of time in
which to file a response to Defendant's second Motion for
Summary Judgment; as well as Plaintiff's request for a
preliminary injunction.  For the reasons set forth below,
Plaintiff's request for an extension will be GRANTED IN PART;
and his request for a preliminary injunction will be DENIED.

I.    BACKGROUND

The factual background and procedural history of this case are set forth in the Court's February 26, 2015 Opinion (ECF No. 56) and need not be repeated here.  In relevant part, Plaintiff filed his Complaint on or about June 19, 2012 under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and alleged violations of his Eighth Amendment Constitutional rights based on exposure to environmental conditions that worsened his illnesses, failure to grant a medical transfer, and inadequate medical care. (ECF No. 1). Specifically, the Complaint related to the fact that Plaintiff suffers from Chronic Obstructive Pulmonary Disease ("COPD") caused by emphysema. (Compl. 9, ECF No. 1).

On February 26, 2015, the Court granted Defendants' summary judgment motion as to all but one of Plaintiff's claims. (ECF No. 57).  In an Order dated May 6, 2015, (ECF No. 60), the Court granted Plaintiff an extension nunc pro tunc to submit a Motion for Reconsideration (ECF No. 59).  On September 16, 2015, the Court granted Defendant's request (ECF No. 63) seeking a nunc pro tunc extension of time to file a second motion for summary judgment as well as a response to Plaintiff's Motion for Reconsideration. (ECF No. 63).  Defendant's second Motion for Summary Judgment (ECF No. 62) was filed on September 11, 2015.

On or about October 19, 2015, Plaintiff submitted a request (ECF No. 66) for an extension of time to respond to Defendant's Motion for Summary Judgment.  Plaintiff explains that he has been transferred to a new facility and that he has only recently received his cell assignment and personal property, including his legal papers.  He seeks an extension of 90 days.  Plaintiff also explains his current medical condition and requests a preliminary injunction and a transfer to a Bureau of Prisons ("BOP") medical facility.

## II.   DISCUSSION

### A. TIME EXTENSION

The Court has reviewed Plaintiff's request.  In light of the reasons submitted, and in light of the fact that Defendant was previously granted a nunc pro tunc extension of time in which to file the second Summary Judgment Motion, the Court will grant Plaintiff an extension.  However, Plaintiff does not explain why he requires an additional 90 days and the Court finds the requested time extension to be excessive. Accordingly, Plaintiff will be afforded 45 more days in which to respond to Defendant's Motion for Summary Judgment.

The parties are hereby informed that, absent compelling circumstances, no further extensions will be provided.

B. PRELIMINARY INJUNCTION

A party seeking the extraordinary remedy of preliminary injunctive relief must show: "(1) a likelihood of success on merits; (2) that it will suffer irreparable harm if injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). Moreover, a plaintiff must establish more than a risk of irreparable injury. He must demonstrate "'a clear showing of immediate irreparable injury.'" Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 205 (3d Cir. 1990) (quoting ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 225 (3d Cir. 1987)) (emphasis added)).

Here, Plaintiff's request for a preliminary injunction relates to individuals who are not named as defendants, and who are not related to the claims of the instant case. See Ball v. Famiglio, 396 F. App'x 836, 838 (3d Cir. 2010) (per curiam) (noting in affirming denial of preliminary injunction motion that individuals whose conduct was sought to be enjoined were not even named as defendants in the action); see also McKinney v. Prosecutor's Office, No. 13-2553, 2015 WL 1954460, at *9 (D.N.J. Apr. 29, 2015) (same).

Further, in Plaintiff's letter he complains of new medical conditions which are not the basis of his original Complaint.

4

See Ball, 396 F. App'x at 837-38 (stating that "there must be a
relationship between the injury claimed in the party's motion
and the conduct asserted in the complaint.") (internal citations
and quotations omitted); Adams v. Freedom Forge Corp., 204 F.3d
475, 489-90 (3d Cir. 2000) (vacating preliminary injunction
because the harm alleged was "insufficiently related to the
complaint and [did] not deserve the benefits of protective
measures that a preliminary injunction affords"); see also De
Beers v. Consol. Mines v. United States, 325 U.S. 212, 220, 65
S.Ct. 1130, 89 L.Ed. 1566 (1945) (holding that a preliminary
injunction grants "intermediate relief of the same character as
that which may be granted finally.").

      Moreover, the Court notes that although Plaintiff is
uncomfortable and dissatisfied with the treatment he is
currently receiving — specifically with respect to pain he is
experiencing in his lower back and testicles — Plaintiff
concedes that he is, in fact, receiving medical treatment at his
new prison facility in Georgia.  Aside from Plaintiff's bare
assertion that he is "at undo [sic] risk for a perman[]ent
disability[,]" (Letter 4, ECF No. 66), Plaintiff has not alleged
any facts which suggest that he is at risk of an immediate
irreparable injury. See Opticians Ass'n of Am. v. Indep.
Opticians of Am., 920 F.2d 187 (3d Cir. 1990) (holding that an

applicant must establish that all four factors favor preliminary relief).

Because Plaintiff in this case has requested a preliminary injunction which relates to parties who are not named as defendants in this case, and to medical conditions which are not the basis of the claims of the Complaint; and because Plaintiff has failed to show the risk of an immediate irreparable injury, his request for a preliminary injunction will be denied.

To the extent Plaintiff wishes to pursue the relief he seeks in his letter, he is free to file a separate civil action in the appropriate jurisdiction which sets forth the distinct fact pattern described in the letter, and which names as defendants the individuals referenced in the letter.  This Court makes no determination as to the merits of such an action.

III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's request for an extension of time in which to file a response to Defendant's Motion for Summary Judgment is granted in part.  Plaintiff shall file his response no later than 45 days after the date of this Order.  Absent compelling circumstances, no further extensions will be provided to either party in this case.  Plaintiff's request for a preliminary injunction and a transfer to a BOP medical facility is denied.

An appropriate Order will be entered.

```
___s/ Noel L. Hillman_____
```
NOEL L. HILLMAN
United States District Judge

Date: October 21, 2015

At Camden, New Jersey