**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| Francisco Gonzalez, | : | |
| | : | Civil Action No. 12-3711(NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| Donna Zickefoose, Pradip Patel, M.D., and Steven Ruff | : | |
| | : | |
| Defendants. | : | |

APPEARANCES:

Francisco Gonzalez
D. Ray James Correctional Facility
G-1 015L
HWY 252 East
Folkston, GA 31537
    Plaintiff pro se

David Bober
Assistant United States Attorney
402 E. State Street, Room 430
Trenton, NJ 08608
    Counsel for Defendants

**HILLMAN**, District Judge

This matter comes before this Court upon Plaintiff's motion for reconsideration (ECF No. 59) of this Court's Opinion and Order granting summary judgment to Donna Zickefoose, Pradep

1

Patel, M.D. and Steven Ruff in this Bivens action. (ECF Nos. 56, 57.)

I. BACKGROUND

Plaintiff's motion for reconsideration is based on the following contentions:

1. Dr. Patel began treating Plaintiff in 2009, not April 2011.

2. Defendants Zickefoose and Ruff, as nonmedical staff, were not entitled to rely on Dr. Patel's sound medical judgment because even laymen would know Plaintiff required a medical transfer to another facility for treatment of COPD.

3. Plaintiff disagrees with the Court's conclusion that "There is no evidence that Plaintiff's medical treatment from January 2009 through August 2009 was so inadequate that it caused Plaintiff permanent injury or wantonly inflicted pain on him."[1] Plaintiff asserts the Court misunderstood that his claim was related to a significant decline in his health in 2011.

4. Plaintiff contends analysis of the objective and subjective factors regarding ETS exposure has changed over time since Helling was decided. Furthermore, Plaintiff argues his failure to "objectively establish" the level of his exposure to harmful environmental conditions was caused by

---

[1] In his memorandum in opposition to Defendants' motion for summary judgment, Plaintiff alleged deliberate indifference to his serious medical needs as evidenced by the fact that he had to wait seven months after he was transferred to Fort Dix in January 2009 to see a pulmonologist. (ECF No. 53 at 3.)

2

      the Court denying his discovery requests.

  5. Plaintiff cited facts from the record in support of his Eighth Amendment claims. (See ECF No. 59 at 10-21). For example, Plaintiff cites a pulmonary evaluation performed on December 10, 2009, showing he had severely decreased diffusing capacity, and alleging this was because he was housed on the third floor and exposed to secondhand smoke, ignored by Dr. Patel. (ECF 59 at 11-12.) The next month, Plaintiff had a pulmonary abscess, and he was on antibiotics for five months. (Id.) Plaintiff asserted that on August 11, 2011, "today was the first day in which one of the outside doctors finally accepted my complaint and documented that I was being exposed to high levels of secondhand smoke (ETS) at FCI Fort Dix. . . This is when Plaintiff requested a transfer to a facility closer to his family." (Id. at 14-15.) In October 2011, Dr. Patel would not allow Plaintiff to have his nebulizer treatments in his cell, he had to walk to the hospital. (Id. at 18.)

Finally, Plaintiff asks this Court to consider Oliver v. Deen, 77 F.3d 156 (7th Cir. 1996) in support of his claim regarding ETS exposure. For relief, Plaintiff requests that the Court appoint counsel[2] and allow his claims to proceed.

---

[2] Plaintiff renewed his request for appointment of counsel, asserting counsel would be better able to present his motion for reconsideration. (ECF No. 59 at 1-4.) Plaintiff has exhaustively set forth his arguments in support of reconsideration, but reconsideration is only appropriate in exceptional circumstances. The Court finds little factual or legal merit in Plaintiff's request for reconsideration. Therefore, the Court will deny Plaintiff's renewed motion for appointment of counsel.

3

Defendants responded to the motion for reconsideration. (ECF No. 63.) They contend Plaintiff has not met the standard for reconsideration because he does not point to any intervening change in controlling law or newly available evidence. (Id. at 2.) Defendants assert all of the arguments Plaintiff made for reconsideration are arguments he could have made in opposition to summary judgment. (Id. at 3.)

As to the substance of Plaintiff's first argument, Defendants contend it is irrelevant that Dr. Patel treated Plaintiff in 2009, because he provided Plaintiff with adequate treatment. Defendants also contend Plaintiff's second and third bases for reconsideration are without merit because Plaintiff has offered no reason that Defendants Zickefoose and Ruff "would have been in a position to substitute their layman's knowledge in place of the judgment of a cadre of trained professionals." (Id. at 3.)  Furthermore, Plaintiff's claim that the Court incorrectly limited his Eighth Amendment claim to the period of January 2009 to August 2009 is based on a misreading of the opinion, as the Court considered Plaintiff's claim that inadequate care and environmental conditions caused his hospitalizations in 2011.

---

See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) ("First . . . the district court must consider as a threshold matter the merits of the plaintiff's claim.")

Finally, Defendants contest Plaintiff's last basis for reconsideration, that the effects of secondhand smoke and society's attitudes toward exposure to such have changed since Helling v. McKinney, 509 U.S. 25, 35 (1993)[3] was decided. Defendants assert that the standards announced in Helling have been applied by the Third Circuit as recently as 2010, in Slaughter v. Rogers, 408 F. App'x 510, 512 (3d Cir. 2010). For the reasons explained below, the Court will deny the motion for reconsideration.

## II. DISCUSSION

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel Lou-Ann Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). If a party establishes one of the following grounds, a judgment may be altered or amended on reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id. (citing North

---

[3] Plaintiff incorrectly asserted Helling was decided in 1983.

5

River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

The first two grounds for reconsideration, intervening change in controlling law and availability of new evidence, are not applicable here, nor has Plaintiff established a clear error of law. The remaining question is whether Plaintiff has presented a clear error of fact or a manifest injustice.

 A. <u>Dr. Patel Began Treating Plaintiff in 2009; and the Court Addressed Plaintiff's Claims Regarding His Decline in Health in 2011</u>

Plaintiff asserts the Court erred in finding Dr. Patel did not begin treating him until 2011. The Court's error was based on the fact that Dr. Patel did not become Plaintiff's primary care provider until 2011. (ECF No. 56 at 11.) The error, however, is immaterial because the Court, in addressing Plaintiff's Eighth Amendment claims, reviewed all of Plaintiff's medical records, including all records from 2009. (ECF No. 56 at 8-13.) Furthermore, the Court did not limit consideration of Plaintiff's Eighth Amendment claims to the period of January 2009 through August 2009. The Court fully addressed Plaintiff's claims regarding his decline in health in 2011.

 B. <u>Whether Defendants Zickefoose and Ruff, nonmedical prison personnel, were entitled to rely on Dr. Patel's medical judgment</u>

Plaintiff challenges the Court's finding that Defendants Zickefoose and Ruff were entitled to rely on Dr. Patel's sound

6

medical professional judgment in treating Plaintiff. Plaintiff contends his five emergency hospitalizations are evidence that Dr. Patel was deliberately indifferent to Plaintiff's serious medical needs by denying his August 2011 request for a medical transfer. In the Opinion granting in part Defendants' motion for summary judgment, this Court addressed Plaintiff's hospitalizations and found:

> Although Plaintiff required several hospitalizations for COPD-related illnesses, Fort Dix medical staff approved his hospitalizations, and continued to medically monitor and treat him when he was returned to prison in stable condition. As Plaintiff recognized, COPD is progressive and not curable, it can only be managed. (Compl., pp. 19-20.) The medical records overall support Dr. Patel's judgment that Plaintiff's chronic illness could be adequately managed at Fort Dix, with outside treatment when needed.

(ECF No. 56 at 19.) Plaintiff may disagree with this conclusion, but he has not presented a clear error of fact to warrant reconsideration based on the facts cited in support of reconsideration.

    C.   <u>Helling v. McKinney</u> and <u>Oliver v. Deen</u>

Finally, Plaintiff contends his failure to "objectively establish the level of Plaintiff's exposure to tobacco smoke during the relevant time period" was caused by the Court denying his discovery requests. The Court, however, did not rely exclusively on Plaintiff's failure to satisfy the objective

7

prong of the test announced in Helling v. McKinney, 509 U.S. 25, 35 (1993). The Court found that *even if* Plaintiff could have satisfied the objective prong of the test regarding his exposure to tobacco smoke, he did not satisfy the subjective prong. Prison officials were not deliberately indifferent to violations of the smoking ban; they enforced the ban on smoking by identifying and punishing violators. (ECF No. 56 at 27-30); see Slaughter v. Rogers, 408 F. App'x 510, 512 (3d Cir. 2010) (the plaintiff fell far short of establishing deliberate indifference where Defendants provided evidence of an institutional smoking policy, evidence demonstrating citations for violation of the policy, and memoranda emphasizing seriousness of the policy and penalties for infractions); Oliver v. Deen, 77 F.3d 156, 161 (7th Cir. 1996) (quoting Anderson v. Romero, 72 F.3d 518 (7th Cir. 1995) ("[t]he Eighth Amendment . . . does not require the most intelligent, progressive, humane or efficacious prison administration.")

    Plaintiff also requests that the Court reconsider based on the Seventh Circuit's decision in Oliver v. Deen, 77 F.3d 156 (7th Cir. 1996). Oliver was a prisoner who had asthma. Id. at 158-59. He alleged violation of the Eighth Amendment because he was forced to share a cell with a smoker, and discovery showed this condition existed for 133 days. Id. at 159. The Seventh Circuit found summary judgment against Oliver was appropriate,

8

but it distinguished <u>Helling</u>. <u>Id.</u> Inmate Helling, unlike Oliver, sought injunctive relief to prevent future harm to his health. <u>Id.</u> at 159-60. Oliver could not seek such relief because he had been transferred to another prison and was no longer subject to the same conditions. <u>Id.</u> at 159-60. Like Oliver, the Court notes Plaintiff is no longer subject to the conditions in FCI-Fort Dix, so his claim for injunctive relief of a medical transfer (Compl. ECF No. 1 at 21) is moot.[4]

In <u>Oliver</u>, the Seventh Circuit also noted that, other than a few general news articles indicating that smoke may aggravate asthma, there was no evidence in the record supporting a causal connection between the smoke and the distress Oliver suffered. <u>Id.</u> at 161. This Court does not doubt Plaintiff's assertion that secondhand smoke exacerbates COPD, but there is no evidence in this record supporting a causal relationship between Plaintiff's exposure to secondhand smoke and any of his hospitalizations in 2011.[5]

---

[4] Defendants advised the Court that Plaintiff was transferred from Fort Dix to the United States Penitentiary in Atlanta, Georgia. (ECF No. 63 at 4.)

[5] Plaintiff's first hospitalization in the year 2011 was in April, when he complained of pain and swelling in his left hand, and he was diagnosed and treated for an infectious disease, cellulitis. (Declaration of Pradip Patel, ECF No. 35-5, ¶¶ 35-36.) Plaintiff's second hospitalization was in June 2011, when a CT scan showed a one millimeter increase in his pre-existing right lower lobe lung nodule but no evidence of pulmonary embolism or emphysema. (<u>Id.</u> at ¶39.) The reason Plaintiff

Plaintiff also claimed deliberate indifference to a serious risk of harm to his health by his exposure to asbestos, lead paint, jet fuel emissions and temperature extremes. He contends that denial of his discovery request resulted in his inability to establish the objective prong of the Helling test. The Court notes, however, that Defendants provided Plaintiff with documents responsive to the request for "any and all reports that reference environmental conditions at FCI Fort Dix." (See ECF No. 54 at 7 ("Defendants appended documents allegedly responsive to document request numbers 5, 8, and 9 as exhibits to their opposition."))

Plaintiff has not pointed to any other discovery request that was denied, which could have led to discoverable evidence concerning his alleged exposure to asbestos, lead paint, jet fuel emissions and temperature extremes. Summary judgment is appropriate in situations where "in the face of the defendant's properly supported motion for summary judgment, the plaintiff could not rest on his allegations . . . to get to a jury without 'any significant probative evidence tending to support the complaint.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

---

remained in the hospital until June 18 was for unrelated evaluation and treatment by infectious disease specialists. (Id. at ¶44.) Plaintiff was then hospitalized for pneumonia in October 2011, and again in December 2011. (Id. at ¶¶48-49, 56-57).

10

249 (1986) (emphasis added) (quoting First National Bank of Arizona v. Cities Service Co., 381 U.S. 253, 290 (1968)); see Ford v. Mercer County Corr. Center, 171 F. App'x 416, 421 (3d Cir. 2006) (finding the plaintiff did not submit the type of evidence regarding his harmful air quality claims upon which a jury could reasonably return a verdict in his favor; "his allegations are general in nature and provide few of the details which a fact-finder would require.")

## II. CONCLUSION

Plaintiff has not presented a clear error of fact or a manifest injustice that warrants the extraordinary relief of reconsideration of this Court's February 27, 2015 Opinion and Order, granting in part Defendants' motion for summary judgment. Therefore, in the accompanying Order filed herewith, the motion for reconsideration will be denied.


Dated:__December 18, 2015

                        ___s/ Noel L. Hillman____
                        Noel L. Hillman
                        United States District Judge

At Camden, New Jersey